# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FREDERICK BOOKER,**
    **Plaintiff,**

  v.                                                      Case No. 17-C-1402

**CHAD BAUMAN,** *et al.*,
    **Defendants.**

## ORDER

    The plaintiff filed a motion to appoint counsel. He asserts that the legal and factual issues in this case are complex, he has only a tenth-grade education, he has limited time at the law library, and he has been unable to obtain the documents he needs to support his claims. I will deny the plaintiff's motion.

    In a civil case, I have the discretion to recruit a lawyer for an individual who is unable to afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.,* 706 F.3d 864, 866-67 (7th Cir. 2013). When determining whether to recruit a lawyer for a pro se plaintiff, the court decides whether the difficulty of the case exceeds a particular plaintiff's capacity to handle the case on his own. *Navejar v. Iyola*, 718 F.3d at 696. It is not enough that a pro se plaintiff wants a lawyer (nearly all plaintiffs do), nor is it enough that a lawyer would do a better job than a pro se plaintiff (that almost always will be the case). Instead, the question is, can the particular plaintiff understand the factual and legal issues in his case and effectively communicate his thoughts and arguments to the court?

    Contrary to the plaintiff's assertions, this is not a complex case. He alleges that after a cell door slammed on his finger, the defendants delayed getting him medical

treatment. The plaintiff has first-hand knowledge of his injuries and of the defendants' responses to his injuries. He may include his version of events in a declaration or affidavit. It is unclear what documents the plaintiff was unable to obtain, but, according to his filing, he was twice told that the documents he requested do not exist. A lawyer will not change that. In addition, I have extended deadlines on more than one occasion at the plaintiff's request to accommodate his limited time at the library.

At this point, the plaintiff needs only respond to the defendants' motions for summary judgment. As a reminder, his response materials are due May 13, 2019. Based on the quality of his filings and the straightforward nature of his claims, I find that the plaintiff is capable of representing himself at this time.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to appoint counsel (Docket No. 81) is **DENIED WITHOUT PREJUDICE.**

Dated in Milwaukee, Wisconsin, this 30th day of April, 2019.

    s/Lynn Adelman_____
LYNN ADELMAN
U.S. District Judge